FRANCIS J. RYAN, JR., as Assignee for the Benefit of Creditors of CHATEAU D'OR GARAGE CORPORATION, Respondent, Appellant, *v.* PHILIP BERKOWITZ, Defendant, Impleaded with DAVID S. KUMBLE, MAX CASSELL, ABRAHAM ADISKY and NAT GOODSIDE, Appellants, Respondents.

First Department, June 19, 1940.

*David S. Kumble* [appellant-respondent in person] of counsel [*Andrew J. Reisinger*, attorney], for David S. Kumble.

*Irwin Cassell* of counsel [*Kurach & Cassell*, attorneys], for Max Cassell, appellant-respondent.

*Joseph M. Proskauer* of counsel [*Burton A. Zorn* and *Albert L. Solodar* with him on the brief; *Proskauer, Rose & Paskus*, attorneys], for Abraham Adisky, appellant-respondent.

*Max Rothenberg*, for Nat Goodside, appellant-respondent.

*Henry H. Silverman* of counsel [*Edward Elman, Milton M. Rosenberg* and *Albert Ornstein* with him on the brief; *Ornstein & Silverman*, attorneys], for the respondent-appellant.

CALLAHAN, J. Defendant Abraham Adisky, a city marshal, and defendant Nat Goodside, a public auctioneer, have been held liable in damages, with the remaining defendants, for their alleged unlawful participation in a conspiracy to destroy the business of Chateau D'Or Garage Corporation, of which plaintiff is the assignee. The wrong, in which the conspirators are alleged to have participated, is a fraudulent sale of the property of said corporation under an execution issued on a judgment. The marshal is charged with having knowingly joined in the conspiracy, and participated therein by levying execution and holding an improper sale of the corporate assets. The auctioneer is charged with having assisted in said improper levy and sale.

The judgment under which the levy and sale were had, concededly, was a valid one based on an obligation admittedly owing by the corporation.

Kumble, the plaintiff in the action in which the judgment was procured, communicated with Goodside who, in turn, requested Adisky to levy under an execution issued upon the judgment. The levy was a valid one. The gist of the wrong complained of is that there was a conspiracy to sell the assets of the corporation in fraud of the rights of one of the large stockholders of the corporation, so that the conspirators might obtain the property of the debtor corporation and destroy its business and set up another place of business nearby.

We find that the evidence is insufficient to establish that either Adisky or Goodside knowingly participated in any such conspiracy. Having received a lawfully issued execution, the marshal, as required by law, proceeded to make a levy, and to give notice of and to conduct a public sale.

The only basis for alleged misconduct in connection with the sale is that several of the notices of sale were posted for an insufficient length of time. It appears that a notice was posted in the debtor's premises which was timely, but the additional notices required by

statute to be posted in various public places, may have been in place for five instead of six days, as required by statute. The sale was duly advertised in a newspaper, although not required by law.

Any finding that the posting of notices in public places for less than the legal period was part of a plan to conceal the sale from the stockholder was unjustified, under the circumstances. At most, this was an irregularity. In any event, it did not establish a lack of good faith, or any fraudulent intent on the part of Adisky or Goodside. The sale was a valid one, in so far as Adisky and Goodside were concerned, and all other requirements of the statute were complied with.

While there is other evidence supporting the charge of conspiracy against the remaining appellants, which evidence we deem justified the verdict against them, none of said evidence applies to the defendants Adisky or Goodside.

We find further that the amount of damages awarded was excessive. The proof did not sufficiently establish that the value of the corporate business exceeded $8,000, whereas the verdict awarded was $10,000. Unless plaintiff stipulates to reduce the judgment to $8,263.51, it should also be reversed as to the remaining defendants.

On the plaintiff's appeal, we hold that, as no demand for treble damages was inserted in the complaint, the motion for such damages made after the trial was properly denied.

The judgment should be reversed as against defendants Adisky and Goodside, with costs, and the complaint dismissed as against them, with costs.

GLENNON and COHN, JJ., concur; MARTIN, P. J., and O'MALLEY, J., dissent.

MARTIN, P. J. (dissenting). I dissent and vote to affirm the judgment and order. The defendants deliberately conspired to ruin a business for the purpose of setting up a rival business directly across the street. The evidence does establish that Adisky and Goodside aided, abetted and participated in the conspiracy.

O'MALLEY, J., concurs.

Judgment reversed as against defendants Adisky and Goodside, with costs, and the complaint dismissed as against them, with costs; the action severed and a new trial granted as to the remaining defendants-appellants-respondents, with costs to them to abide the event, unless the plaintiff stipulates to reduce the judgment as entered to the sum of $8,263.51, in which event the judgment as so modified is affirmed, without costs. Judgment, so far as appealed from by the plaintiff, and the order brought up for review, affirmed. Settle order on notice.